**STATE of Missouri, ex rel. Karl SCHWEBE, Jr., Relator,**

v.

**The Honorable Robert L. CAMPBELL, Respondent.**

No. 63959.

Missouri Court of Appeals, Eastern District, Division Five.

Aug. 31, 1993.

Michael M. Frank, St. Louis, for relator.

Robert P. McCulloch, Pros. Atty., Daniel E. Diemer, Asst. Pros. Atty., St. Louis County, St. Louis, for respondent.

KAROHL, Judge.

We issued a provisional writ in prohibition to consider whether respondent circuit judge abused his discretion in "prohibiting defendant [relator] being in the presence of any of the children witnesses" in a discovery deposition to be taken in the case of State v. Karl Schwebe, Jr., Cause No. 92CR–006618. Relator also complained that the court abused its discretion in denying his motion for reconsideration.

■ A writ of prohibition is an appropriate remedy if an order is "a clear excess of jurisdiction or abuse of jurisdiction such that the lower court lacks the power to act as contemplated." *State ex rel. Noranda Aluminum, Inc. v. Rains*, 706 S.W.2d 861, 862 (Mo. banc 1986); *State ex rel. Lichtor v. Clark*, 845 S.W.2d 55, 59 (Mo.App.W.D.1992).

■ Criminal Rule 25.12 authorizes depositions in criminal cases to be governed by the rules relating to the taking of depositions in civil actions. Civil Rule 56.01(c) authorizes protective orders which justice requires to protect a party or person from "annoyance, embarrassment, oppression." However, protective orders are subject to a requirement that such orders may be granted only "for good cause shown." We now make our provisional writ permanent because no ground for relief was stated and no cause shown. The express provisions of the rule foreclose any presumption of right action by respondent circuit judge.

Relator stands charged with three counts of sodomy proscribed by § 566.060.2 RSMo 1986. The prosecuting witnesses are three minors who are 15 or 16 years of age. Depositions of these three, and other witnesses, were scheduled and begun. During the deposition of A.K. the prosecuting attorney objected to the presence of defendant and asked that he be excluded. There is no claim relator committed any acts constituting misconduct at the deposition. The depositions were suspended while counsel appeared before respondent circuit judge.

The state filed a handwritten motion on a court memorandum form for a protective order. The motion did not allege a single ground to support the request for defendant's exclusion or for any lesser sanction. The motion was presented in a conference in chambers. There was no evidence adduced and no record made. The requirement of Rule 56.01(c) for a showing of good cause was not satisfied. As a result, the order is both unauthorized and arbitrary. It could not be reviewed on the merits.

The state relies on Rule 56.01(c)(5) which sets forth a ground which may be alleged and supported in order to obtain a protective order. It provides "that discovery be conducted with no one present except the persons designated by the court." This provision is subject to the requirement of a showing of good cause. Accordingly, it is not applicable on the present facts.

■ We expressly decline a decision on relator's argument that he has a protected constitutional right to be present at the depo-

sitions. He contends that the Sixth Amendment of the United States Constitution and Article I, Section 18(a) of the Missouri Constitution guarantee him a right to be present at depositions taken in his criminal case. Constitutional questions are normally decided only when necessary to disposition of a case. *State ex rel. Williams v. Marsh,* 626 S.W.2d 223, 227 (Mo. banc 1982). In the absence of a fully developed record the constitutional issue remains speculative. As the underlying criminal case progresses the parties and respondent judge will be able to consider the constitutional implications and the need for a fully developed evidentiary record to permit a review, if necessary.

Our provisional writ in prohibition is now made absolute. The order excluding defendant from witness depositions in the underlying criminal case, in the absence of any showing of good cause, is prohibited.

CRANE, P.J., and AHRENS, J., concur.