Tommy MORPHIS, Plaintiff–Appellant,

v.

BASS PRO GROUP, LLC, Tracker Marine, LLC, and Ken Burroughs, Defendants–Respondents.

No. SD 34435

Missouri Court of Appeals, Southern District, **Division Two.**

Filed April 14, 2017

Motion for Rehearing and/or Transfer to Supreme Court Denied May 5, 2017

Attorney for Appellant: Steven E. Marsh, Hulston, Jones & Marsh, LLC, Springfield, MO

Attorneys for Respondents: Charles E. Reis IV and Cori K. Garland, LITTLER MENDELSON, P.C., St. Louis, MO

GARY W. LYNCH, P.J.—OPINION AUTHOR

Tommy Morphis ("Morphis") filed this lawsuit against Bass Pro Group, LLC ("Bass Pro"), Tracker Marine, LLC ("Tracker Marine"), and Ken Burroughs ("Burroughs") (collectively, "Defendants") after Defendants failed to establish a "compensation plan and pay package" for Morphis's benefit. The lower court granted summary judgment in favor of Defendants, and Morphis brings 11 points for our review on appeal. Morphis's first eight points concern the propriety of the summary judgment granted in favor of Defendants. The remaining points concern actions taken by the lower court related to discovery by Morphis from Defendants before summary judgment was granted. Because his tenth point is dispositive, we reverse the trial court's judgment on this point and remand for further proceedings.

## Procedural Background

Morphis's petition, filed June 27, 2014, asserted 11 counts against Defendants. On January 14, 2015,[1] before any discovery was commenced by any party, Defendants filed a Motion for Protective Order to Limit Discovery. That motion alleged that these 11 counts were identical to a lawsuit that Morphis had filed against Bass Pro and Tracker Marine in 2010 and voluntarily dismissed on June 27, 2014. Defendants attached several exhibits to their motion purporting to be documents from the first lawsuit. Morphis filed a response requesting that the motion be denied.

On February 19, 2015, the parties' attorneys appeared before Judge Powell and the trial court heard argument of counsel on the motion for protective order. The trial court took the motion under advisement. On February 27, 2015, by docket entry, Judge Powell entered an order stating:

> AFTER CONSIDERATION, DEFENDANTS' MOTION FOR PROTECTIVE ORDER TO LIMIT DISCOVERY IS SUSTAINED IN ALL RESPECTS EXCEPT THAT PLAINTIFF IS NOT LIMITED AT THIS TIME, AS TO THE WRITTEN DISCOVERY HE CAN PROPOUND TO NEW DEFENDANT KEN BURROUGHS. HOWEVER, THE COURT RESERVES THE RIGHT TO LIMIT WRITTEN DISCOVERY TO DEFENDANT BURROUGHS IF SUCH DISCOVERY BECOMES REDUNDANT OR OPPRESSIVE. THE COURT SPECIFICALLY ADOPTS JUDGE FITZSIMMONS DOCKET ENTRY OF 12–12–13.

Judge Powell later granted summary judgment in favor of Defendants based on the conclusion that there was no genuine issue of material fact and that Defendants were entitled to judgment as a matter of law. Morphis timely appeals.

## Discussion

Because Morphis's ninth, tenth, and eleventh points concern actions taken before summary judgment was entered and could impact the material, undisputed facts set forth in the summary judgment record, we begin our review of Morphis's appeal with those points.

### Point Ten—Protective Order Limiting Discovery

Morphis's tenth point contends:

> The trial court erred and abused its discretion in entering an order prohibiting Plaintiff from directing any discovery to Bass Pro Group and Tracker Marine because the trial court abused its discretion and denied due process in entering the order in that discovery was never completed in the 2010 case, the 2010 case and the filings therein were a nullity, the trial court did not have any relevant discovery requests from the 2010 case before it when it entered its order, and said Defendants had objected to virtually every discovery request submitted to them in the 2010 case.

■ Morphis's tenth point challenges the trial court's entry of the protective order as an abuse of discretion. We cannot determine, however, whether the order was an abuse of discretion because the order was entered without any case record or evidentiary basis to support a finding of good cause as required by Rule 56.01(c) for the entry of a protective order.[2]

---

**1.** Burroughs was not served until November 17, 2014.

**2.** Rule references are to Missouri Court Rules (2016).

Defendants' motion for protective order requested that the trial court, "pursuant to Missouri Rule of Civil Procedure 56.01(c)," enter a protective order to "enforce sanctions that were imposed by Judge Fitzsimmons in the previously filed case for the misconduct of Plaintiff and his counsel" and "to protect Defendants from annoyance, undue burden, expense, and prejudice." Rule 56.01(c) states: "Upon motion by a party or by the person from whom discovery is sought, *and for good cause shown*, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" (Emphasis added.)

As stated in the rule, the proponent of the protective order—here, Bass Pro and Tracker Marine—must *show* good cause. *State v. Rushing*, 232 S.W.3d 656, 662 (Mo.App. 2007). "Of course, the trial court has broad discretion in determining whether 'good cause' exists. However, the trial court must have evidence presented before it can exercise discretion. Without evidence, it is impossible to ascertain whether or not 'good cause' does, in fact, exist." *Brown v. McIbs, Inc.*, 722 S.W.2d 337, 342–43 (Mo.App. 1986) (internal citations omitted). Where the requirement of Rule 56.01(c) for a showing of good cause is not satisfied, the protective order "is both unauthorized and arbitrary" and cannot "be reviewed on the merits." *State ex rel. Schwebe v. Campbell*, 878 S.W.2d 827, 828 (Mo.App. 1993).

Applying these principles in this case, we begin by noting that because no discovery had taken place in this case be-

fore the entry of the protective order, nothing in the case record shows good cause for the trial court's entry of the protective order.[3] Next, the record reveals that, while the parties' attorneys apparently orally argued Defendants' motion for protective order to the trial court, no evidentiary hearing was held and no evidence was adduced in the trial court to support its issuance. That motion and its exhibits are the only items in the record and before the trial court in this case from which to possibly find an evidentiary basis upon which to support a showing of good cause for the requested protective order. Defendants' motion, however, is nothing more than mere allegations of fact presented by Defendants' counsel and is not evidence. "Bare assertions by counsel do not prove themselves and are not evidence of the facts presented." *Andersen v. Osmon*, 217 S.W.3d 375, 381 (Mo.App. 2007). Likewise, "[e]xhibits attached to motions filed with the trial court are not evidence and are not self-proving." *Powell v. State Farm Mut. Auto. Ins. Co.*, 173 S.W.3d 685, 689 (Mo. App. 2005) (quoting *Kulaga v. Kulaga*, 149 S.W.3d 570, 573 n.6 (Mo.App. 2004)).

Because Defendants failed to *show* good cause as required by Rule 56.01(c), the trial court's protective order "is both unauthorized and arbitrary[,]" cannot be reviewed on its merits, and must be reversed. *State ex rel. Schwebe*, 878 S.W.2d at 828.

### Points Nine and Eleven—Sanctions

Morphis's ninth point contends:

The trial court erred in entering a judgment and order adopting and enforcing an order of sanctions from the dismissed

---

**3.** Defendants contend that "[p]arties may utilize the same discovery materials for different cases. *See State ex rel. Ford Motor Co. v. Nixon*, 160 S.W.3d 379, 381 (Mo. banc 2005)." The court in that case directs, however, that "[w]hen parties utilize the same discovery materials for different cases, the parties should stipulate as to the multiple use of these materials to prevent any evidentiary disputes." *State ex rel. Ford Motor Co.*, 160 S.W.3d at 381 n.4. Here, no such stipulation appears in the record.

2010 case because the trial court lacked authority to adopt the order, erroneously applied the law, and denied due process in that the dismissed 2010 case and the filings therein were legally a nullity and considered to have never been filed, and Plaintiff was denied due process in the adoption of the legally nonexistent order in that he had no right or opportunity to be heard in the present case regarding the merits of orders from the dismissed case.

Morphis's eleventh point is related and argues that:

The trial court abused its discretion in entering an order precluding the use of audio recordings and the depositions of Mr. Morris and Mr. Hagale because the order was an abuse of discretion and against the logic of the circumstances in that the order was adopted for enforcement from a dismissed case which was a legal nullity, no conduct occurred within the trial court's authority which would have purportedly warranted the trial court's order in the present case, and the Defendants could not have suffered any legal prejudice warranting the sanctions in not having the recording prior to the depositions of Mr. Morris and Mr. Hagale.

▊▊▊ Generally, any order or judgment entered by a trial court before a judgment becomes final and appealable is interlocutory. *State ex rel. Schweitzer v. Greene*, 438 S.W.2d 229, 232 (Mo. banc 1969). As our supreme court stated in *Greene*:

Logic and justice would seem to indicate that a trial court should be permitted to retain control of every phase of a case so that it may correct errors, or, in its discretion, modify or set aside orders or judgments until its jurisdiction is extinguished by the judgment becoming final and appealable. Of course, any such action should be taken only after proper notice to the parties.

*Id.* " 'An interlocutory order is always under the control of the court making it.' " *Id.* (quoting *Barlow v. Scott*, 85 S.W.2d 504, 519 (Mo. 1935)). Missouri does not follow the doctrine that a motion once ruled cannot be reconsidered. *Richey v. Meter Invs., Inc.*, 680 S.W.2d 381, 384 (Mo.App. 1984) (citing *Rozansky Feed Co., Inc. v. Monsanto Co.*, 579 S.W.2d 810, 813 (Mo.App. 1979)).

The trial court's protective order purportedly resurrected an order for sanctions presumably issued pursuant to Rule 61.01 in the first case. Because we reverse the protective order limiting discovery and reverse the judgment on that basis, *supra*, this order for sanctions upon remand will be subject to reconsideration by the trial court. Any discussion or consideration now as to whether such sanctions are warranted in this case would be premature. Upon remand, the trial court will have the benefit of the arguments developed and presented by the parties in this appeal and this opinion's discussion of the general requirement of a record or evidentiary basis for the exercise of a trial court's discretion.[4]

### Points One Through Eight— Summary Judgment

▊▊▊ Points one through eight all concern the entry of summary judgment in favor of Defendants following the entry of the protective order denying Morphis any discovery from Bass Pro and Tracker Marine. Typically, when summary judgment is entered where a party was improperly

---

4. Our decision should not be interpreted as concluding a protective order or sanctions as to Morphis are not substantively appropriate. Rather, on the limited record developed in the trial court and now before us there is insufficient information to rule on the substantive merits of the trial court's orders on these issues.

denied pre-trial discovery, we review for both error and prejudice:

> [T]he issue is two-fold: (1) Should the appellants' requested discovery have been allowed? and (2) If it should have been allowed, would it have produced evidence sufficient to defeat the respondents' motion? If the discovery requested was not likely to produce evidence sufficient to defeat the respondents' motion for summary judgment, then, obviously, the failure of the trial court to grant the requested discovery was, at best, harmless error.

*Bost v. Clark*, 116 S.W.3d 667, 673 (Mo. App. 2003); *see also White v. City of Ladue*, 422 S.W.3d 439, 446 (Mo.App. 2013).

██ That analysis does not apply here, however, because the arbitrary nature of the error leading to the entry of the protective order—the absence of any record or evidentiary basis showing good cause for such denial—prevents us from answering either question. In the same manner that we are prevented from any meaningful appellate review of the trial court's discretion to issue the protective order on its merits in the first instance, as discussed *supra*, the lack of that record or evidentiary basis also prevents us from reviewing or in any way assessing the prejudicial effect of that order upon the subsequent entry of summary judgment. The absence of any record or evidentiary support establishing the basis upon which the trial court could have found good cause to deny *all* discovery from Bass Pro and Tracker Marine leaves us with no foundational basis from which to measure or assess any prejudice, or lack thereof, to Morphis.

" '[T]he scope of the discovery and protective orders sections [of the rule] con-template broad discovery taking place[.]' ". *Stortz by Stortz v. Seier*, 835 S.W.2d 540, 542 (Mo.App.1992) (quoting 4 J. Moore, J. Lucas & G. Grother, Jr., Moore's Federal Practice ¶ 26.67 (2d ed. 1991) (internal bracketing omitted)). In contemplation of that "broad" discovery, Rule 74.04 summary judgment incorporates discovery as an integral part of its process. *See* Rules 74.04(c)(1), (2), and (3) (requiring specific references to the pleadings, *discovery*, exhibits or affidavits). Here, where *all* discovery by Morphis from Bass Pro and Tracker Marine was arbitrarily prohibited by the protective order in the absence of a showing of good cause, the protective order also served to arbitrarily prevent Morphis from specifically referencing *any* discovery, as required by Rule 74.04(c), in contesting Defendants' motion for summary judgment. The entry of summary judgment under these specific circumstances was erroneous and must be reversed.[5]

### Decision

The trial court's judgment as to Defendants and its protective order as to Bass Pro and Tracker Marine are reversed. The case is remanded to the trial court for an evidentiary hearing on Defendants' Motion for Protective Order to Limit Discovery and then to proceed accordingly consistent with this opinion.

NANCY STEFFEN RAHMEYER, J.—concurs

WILLIAM W. FRANCIS, JR., J.—concurs

---

5. Once again, our decision should not be interpreted as concluding summary judgment is not substantively appropriate on these issues. Rather, it was procedurally inappropriate to enter summary judgment based upon the limited record developed in the trial court and now before us related to the entry of the protective order.