

# Missouri Court of Appeals
## Southern District
### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD35656 |
| | ) | |
| TAMARA D. TIDWELL, | ) | FILED: April 17, 2019 |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF MISSISSIPPI COUNTY

Honorable David A. Dolan, Judge

**REVERSED AND REMANDED WITH INSTRUCTIONS**

(Before Bates, J., Scott, J., and Sheffield, J.)

PER CURIAM. Initially charged with multiple felonies, Tamara Tidwell agreed to plead guilty to one felony count and receive a suspended imposition of sentence and probation, with other charges and cases to be dismissed, all of which occurred in November 2010.[1]

In March 2014, the court revoked Tidwell's probation, sentenced her to five years in prison concurrent with another sentence and subject to a 120-day callback per § 559.115, and made a docket entry "Costs Ordered to State." The county certified a bill to the state including $920.26 for incarcerating Tidwell during 2010 and 2013.

---

[1] The plea occurred in Case No. 10MI-CR00741-01. Hereafter, we refer only to that case.

In July 2014, the court ordered Tidwell released from prison and placed her on five years' probation. A condition of probation was that Tidwell "should pay any outstanding court costs, Crime Victims Compensation Fund, intervention fees and restitution balances, as applicable." Related paperwork showed the court costs claimed as $920.26, mirroring the county's March 2014 cost bill to the state.

Four years later, having made only one $60 payment, Tidwell filed a "Motion to Retax Costs," asserting that she did not owe jail costs taxed to the state in 2014 due to her indigent status. After a hearing, the court denied the motion on August 17, 2018.

Four days later, but over four years after she was sentenced, Tidwell filed notice of appeal. After we transferred the case to our supreme court pursuant to Rule 83.02, the supreme court retransferred the case for reconsideration in light of *State v. Richey*, No. SC97604 (Mo. banc March 19, 2019).

As we recently did in *State v. Banderman*, No. SD35501 (Mo. App. S.D. Apr. 1, 2019), we find that *Richey* dictates our outcome. Respondent agrees and asks us to reverse and remand to retax costs by removing the jail-board bill from Tidwell's fee report, which is the appropriate *Richey* disposition and renders an extended opinion unnecessary. We reverse the circuit court's ruling and remand with instructions to retax costs in Case No. 10MI-CR00741-01 by removing the jail-board bill liability from Tidwell's fee report.[2]

---

[2] Tidwell's request for a refund "by virtue of 42 U.S.C. § 407(a)" fails for two independently fatal reasons. First, Tidwell did not assert this claim or theory in the circuit court and thus cannot raise it for the first time on appeal. Second, as the concurring opinion notes, Tidwell offered no evidence to support these or any of her other factual assertions on appeal.


| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD35656 |
| | ) | |
| TAMARA D. TIDWELL, | ) | FILED: April 17, 2019 |
| | ) | |
| Appellant. | ) | |

## OPINION CONCURRING IN RESULT

I fully concur in the result. Yet **Richey** leaves unclear how that issue could be appealed when case law generally holds otherwise for post-criminal-judgment rulings as we noted in transferring this case and as I detailed in my **Banderman** concurrence. I won't repeat what those opinions said, or beat a dead horse by continuing to write separately on this, but I would treat such "appeals" as writ applications pending supreme court guidance as I indicated in **Banderman**.[1]

DANIEL E. SCOTT, J. – SEPARATE OPINION AUTHOR

---

[1] Indeed, I applaud our high court for expeditiously reaching **Richey**'s merits. But does skipping the "deemed writ petition" work-around (s*ee, e.g.*, **State v. Saffaf**, 81 S.W.3d 526, 528 (Mo. banc 2002)) invite future litigants, *sub silentio*, to appeal other post-criminal-judgment rulings despite contrary case law? Eventually someone will so claim.

To be fair, the root problem throughout this case has been Appellant's procedural nonchalance in rushing to reach an appellate court (or as counsel told the trial judge, "I think in the appellate courts we will get some traction and that is the objective.") At the motion hearing, for example, Appellant called no witnesses, identified an exhibit but did not offer it into evidence, and did not even ask the court to judicially notice its file. Appellant's motion was not self-proving. **St. Louis Bank v. Kohn**, 517 S.W.3d 666, 674 (Mo.App. 2017). Nor were its attachments. **Morphis v. Bass Pro Group**, 518 S.W.3d 259, 262 (Mo.App. 2017); **Kohn**, 517 S.W.3d at 674. Likewise, counsel's bare assertions did not prove themselves and were not evidence of facts presented. **Morphis**, 518 S.W.3d at 262. Had the trial court not gone outside the hearing record to find flawed support for its ruling, we would lack any record or basis sufficient to declare error and grant relief regardless of the **Richey** decision or the State's willingness to concede the issue.