STATE ex rel. FORD MOTOR COMPANY, Relator,

v.

The Honorable W. Stephen NIXON, Respondent.

No. SC 86365.

Supreme Court of Missouri, En Banc.

April 26, 2005.

Jeremiah J. Morgan, Ann K. Covington, Craig S. O'Dear, Thomas E. Rice, Jr., Gregory J. Pals, Kansas City, for relator.

Steven E. Crick, Kenneth B. McClain, Scott A. Britton–Mehlisch, Independence, John M. Klamann, Overland Park, for respondent.

## ORIGINAL PROCEEDING
## IN PROHIBITION

RONNIE L. WHITE, Chief Justice.

### I.

Relator, Ford Motor Company (Ford), seeks a writ of prohibition preventing the Respondent from enforcing an order compelling discovery in a wrongful death action. This Court issued a preliminary writ on November 23, 2004, prohibiting the trial court from taking any further action in this case other than vacating its order to compel and entering a protective order limiting discovery to those matters not already discovered and that are relevant to the cause. The writ, as modified, is made absolute.

### II.

Roy Dietiker, a former employee of Ford, filed a worker's compensation suit against Ford and a products liability suit against multiple other defendants for allegedly having been exposed to defective products containing asbestos while working for Ford that resulted in him contracting lung cancer. These two lawsuits were ongoing at the time of Dietiker's death from the cancer, and discovery in these suits had been obtained from Ford. After Dietiker's death, his relatives filed a wrongful death action against Ford, and discovery requests were served in this third lawsuit. Ford did not comply with the discovery requests in this action, and the trial court issued an order to compel production.

### III.

■ Ford claims the discovery requests in the wrongful death action are overbroad and unduly burdensome because there are no geographical, time or subject matter restrictions in the discovery requests. Ford also argues that discovery should be limited to the products-related claims, because the court lacks jurisdiction over the employment-related claims. Finally, Ford asserts that the discovery requests are duplicative because counsel is the same in all of these cases and has already received many of the requested materials.

■ "Prohibition is the proper remedy for an abuse of discretion during discovery."[1] "The trial court abuses discretion if its order is clearly against the logic of the circumstances, is arbitrary and unreasonable, and indicates a lack of careful consideration."[2]

■ Plaintiffs are seeking information and documents regarding every product containing asbestos that was ever manufactured, sold or distributed by Ford in its 102–year history without limitation as to locality or as to the specific products to which Dietiker was allegedly exposed. Discovery without temporal, geographic or subject matter limitation is overbroad.[3] Discovery already obtained by counsel from other ongoing cases between the same parties also provides a means to

---

1. *State ex rel. Ford Motor Co. v. Messina*, 71 S.W.3d 602, 607 (Mo. banc 2002).

2. *Id.*

3. *See, State ex rel. Kawasaki Motors Corp. v. Ryan*, 777 S.W.2d 247, 253 (Mo.App.1989); *Messina*, 71 S.W.3d at 608 (Mo. banc 2002).

lessen the burden of duplicate discovery requests on Ford.[4]

### IV.

The trial court abused its discretion when ordering Ford to comply with all of Dietiker's discovery requests. Adhering to Rule 56, the trial court must vacate its order to compel and limit discovery to the reasonable parameters of the petition allowing discovery of relevant and temporal subject matter that has not already been discovered. The trial court shall establish a factual record of individual challenges to discovery materials and issue protective orders when required. The writ is made absolute as modified.

WOLFF, STITH, PRICE, TEITELMAN and LIMBAUGH, JJ., and BURTON, Sp.J., concur.

RUSSELL, J., not participating.

---

**4.** *Messina,* 71 S.W.3d at 608 (Mo. banc 2002). When parties utilize the same discovery materials for different cases, the parties should stipulate as to the multiple use of these materials to prevent any evidentiary disputes.