STATE of Missouri ex rel. GENERAL
MOTORS ACCEPTANCE COR-
PORATION, Relator,

v.

The Honorable Richard
E. STANDRIDGE,
Respondent.

No. SC 86948.

Supreme Court of Missouri,
En Banc.

Jan. 10, 2006.

Michael J. Abrams, Steven M. McCar-
tan, R. Kent Sellers, Kansas City, for rela-
tor.

Dale K. Irwin, Kansas City, for respondent.

## ORIGINAL PROCEEDING
## IN PROHIBITION

RONNIE L. WHITE, Judge.

### I.

General Motors Acceptance Corporation (GMAC) seeks a writ of prohibition preventing the Respondent from compelling discovery on a malicious prosecution counterclaim to a collection action GMAC commenced against Michael Marcum. This Court issued a preliminary writ prohibiting the trial court from taking any further action in this case other than vacating its denial of the protective order GMAC requested concerning the disputed discovery. The writ, as modified, is made absolute.

### II.

GMAC repossessed a car purchased by Marcum when he failed to make the required payments. After selling the car at auction, GMAC filed suit against Marcum to collect the remaining deficiency. In response Marcum filed a counterclaim for malicious prosecution. The gravamen of Marcum's claim was that GMAC's collection action was malicious because the sales contract itself was fraudulent and void because the car dealership failed to deliver him title to the car within thirty days of the purchase date as required by statute. GMAC subsequently dismissed its action with prejudice, but Marcum persisted with his counterclaim seeking actual and punitive damages.

Marcum filed discovery requests seeking information related to all Missouri and Kansas buyers who entered into retail installment vehicle sales contracts assigned to GMAC where GMAC had knowledge the buyer did not receive title within thirty days of delivery of the vehicle. GMAC objected, claiming the discovery requests were overbroad, irrelevant and overly burdensome. The trial court limited the discovery to a ten-year time period and denied GMAC's request for a protective order. GMAC seeks a writ of prohibition maintaining that the ten-year temporal limitation still does not cure the defective discovery requests.

### III.

GMAC first claims that Marcum's malicious prosecution claim was filed prematurely divesting the trial court of jurisdiction over his alleged cause of action. GMAC further contends that if even if proper jurisdiction exists, that the discovery requests are overbroad and unduly burdensome because there are insufficient time and subject matter restrictions in the discovery requests. GMAC asserts that in order to comply with Marcum's requests it would have to review approximately 540,000 customer records at a cost of nearly $1,000,000.

"Prohibition is the proper remedy for an abuse of discretion during discovery." [1] "The trial court abuses discretion if its order is clearly against the logic of the circumstances, is arbitrary and unreasonable, and indicates a lack of careful consideration." [2]

Regarding GMAC's jurisdictional claim, GMAC correctly states the historical state of the law. Prior to the adoption of Rule 55.06(b) in 1973, a counterclaim for malicious prosecution, if complaining of litigation yet undetermined, stated no cause of action and was subject to dismissal for

---

1. *State ex rel. Ford Motor Co. v. Nixon*, 160 S.W.3d 379, 380 (Mo. banc 2005).

2. *Id.*

lack of jurisdiction.[3] Rule 55.06(b), however, provides: Whenever a claim is one **heretofore cognizable only after another claim has been prosecuted to a conclusion,** the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties.[4] (Emphasis added.) Marcum appropriately joined his claim. His claim became cognizable, whereby the substantive rights of the parties were determinable, once GMAC dismissed its claim against Marcum with prejudice. The circuit court had jurisdiction to rule on the disputed discovery requests and on GMAC's requested protective order.

Determining that the circuit court had jurisdiction to rule on these matters does not end this Court's inquiry. Discovery without appropriate temporal, geographic or subject matter limitation is overbroad.[5] By requesting information on all car sales where GMAC had knowledge of any delay of conferring title to the purchasers, Marcum's discovery requests are seeking information and documents in excess of the parameters of his counterclaim for malicious prosecution.

### IV.

The trial court abused its discretion when denying GMAC's protective order and requiring GMAC to comply with all of Marcum's discovery requests. The trial court must vacate its order and limit discovery to the reasonable parameters of the petition allowing discovery of relevant and temporal subject matter. The trial court shall appropriately limit Marcum's discovery request to include only the information regarding those individuals that GMAC has sued for collection when no vehicle title was transferred. The discovery shall also be limited temporally to the five-year period preceding the filing of Marcum's counterclaim. This five-year period should be sufficient for Marcum's search for evidence to establish whether GMAC acted with improper motive in order to support his allegations and an award of actual and/or punitive damages. The writ is made absolute as modified.

All concur.

---

3. *Euge v. Lemay Bank & Trust Company,* 386 S.W.2d 398 (Mo.1965); *Niedringhaus v. Zucker,* 208 S.W.2d 211(Mo.1948); *Farmers Ins. Co. v. Miller,* 926 S.W.2d 104 (Mo.App.1996); *Lindsay v. Evans,* 174 S.W.2d 390 (Mo.App. 1943).

4. This Court believes that *Miller,* the post–1973 case cited by GMAC in support of its argument, is distinguishable. However, to provide complete clarity, any case holding to the contrary following the adoption of Rule 55.06(b) should no longer be followed.

