

# SUPREME COURT OF MISSOURI
## en banc

STATE EX REL PATRICK J. O'BASUYI,    )
    )
        Relator,    )
    )
vs.    )    No. SC93652
    )
THE HONORABLE DAVID LEE    )
VINCENT, III,    )
    )
        Respondent.    )

## ORIGINAL PROCEEDING IN PROHIBITION

### Opinion issued June 24, 2014

Relator Patrick O'Basuyi, the plaintiff in the action below, seeks a writ of prohibition preventing the trial court from simultaneously trying to a jury both his own claims for breach of contract, quantum meruit and fraud, and the defendants' counterclaim alleging he is maliciously prosecuting these three claims. This Court issued a preliminary writ of prohibition, which it now makes permanent.

The trial court abused its discretion in determining that Rule 55.06, which governs joinder of claims, authorized its denial of Mr. O'Basuyi's motion for separate trial of the malicious prosecution claim. Rule 55.06 did not change Missouri's long-settled law that a party's claim must be terminated in favor of the opposing party before the opposing party may try a claim for malicious prosecution. This Court's interpretation of Rule 55.06(b) in *State ex rel. General Motors Acceptance Corporation v. Standridge, 181*

*S.W.3d 76 (Mo. banc 2006),* is not to the contrary. But, to the extent that *Standridge* appears to interpret Rule 55.06 to authorize the *filing* of a contingent malicious prosecution counterclaim to be tried after the plaintiff's claims have been disposed, it misinterprets Rule 55.06 and should not be followed. Like its federal counterpart and like the comparable joinder rules in other states, Rule 55.06 simply permits one party to join together all of its own claims against an opposing party, even if those claims are not related to each other. Nothing in the rule authorizes the opposing party to file, much less try in the same action, a malicious prosecution counterclaim to any of the first party's claims. The trial court's denial of Mr. O'Basuyi's motion for separate trial, therefore, constituted an abuse of its discretion.

## I.   STATEMENT OF FACTS

Mr. O'Basuyi filed suit in the St. Louis County circuit court against Rodney Thomas, TriStar Property Associates and several other defendants (collectively "TriStar") for breach of an oral contract, quantum meruit and fraudulent conveyance.[1] TriStar filed a two-count counterclaim for malicious prosecution, alleging that the underlying claims are meritless and that Mr. O'Basuyi filed his action in bad faith for the purpose of harassing the defendants and in retaliation for prior lawsuits in which the defendants obtained judgments against Mr. O'Basuyi.

Mr. O'Basuyi filed a Rule 66.02 motion for separate trial of the defendants' counterclaims. In support, he noted that an essential element of a malicious prosecution

---

[1] Mr. Thomas and TriStar were named as defendants to all three counts, while the additional defendants were named only in the third count alleging fraudulent transfer.

claim is that the original plaintiff's claim be terminated in favor of the defendant, which means that a malicious prosecution claim is not cognizable until after the determination of the underlying claim. Mr. O'Basuyi argued that trying the two claims together and simply instructing the jury as to the contingent nature of the malicious prosecution action would be confusing to the jury and unduly prejudicial to him. Accordingly, he requested severance.

The trial court overruled the motion for separate trial. Mr. O'Basuyi seeks a writ of prohibition. This Court issued its preliminary writ.

## II. STANDARD OF REVIEW

This Court has the authority to "issue and determine original remedial writs." *Mo. CONST. art. V, § 4.1; see also Rule 97.01.*

> The extraordinary remedy of a writ of prohibition is available: (1) to prevent the usurpation of judicial power when the trial court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted.

*State ex rel. Mo. Pub. Defender Comm'n v. Waters, 370 S.W.3d 592, 603 (Mo. banc 2012)* (internal citation omitted).

Rule 66.02 grants the trial court broad discretion to order separate trials for convenience, to avoid prejudice or to promote judicial economy. *Rule 66.02; In re Competency of Parkus, 219 S.W.3d 250, 253 (Mo. banc 2007).* The trial court's decision to grant or deny a motion for separate trial will not be disturbed absent abuse of that discretion. *Parkus, 219 S.W.3d at 253.* "Judicial discretion will be found to be abused

3

only when the ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice." *Id.*

### III. THE TRIAL COURT ABUSED ITS DISCRETION UNDER RULE 66.02 IN DENYING MR. O'BASUYI'S MOTION FOR SEPARATE TRIAL OF THE MALICIOUS PROSECTION COUNTERCLAIM

To establish a prima facie claim for malicious prosecution, a party must plead and prove six elements: (1) commencement of an earlier suit against the party; (2) instigation of that suit by the adverse party; (3) *termination of the suit in the party's favor*; (4) lack of probable cause for filing the suit; (5) malice by the adverse party in initiating the suit; and (6) damage sustained by the party as a result of the suit. *Edwards v. Gerstein, 237 S.W.3d 580, 582-83 (Mo. banc 2007).* In contention here is the third element, requiring "termination of the suit in the party's favor." TriStar effectively argues that termination of the plaintiff's suit in the defendant's favor can occur at the same time as the jury considers the malicious prosecution claim, so long as the jury is instructed in the proper elements of the malicious prosecution claim. Mr. O'Basuyi argues that this is inconsistent with Missouri's historical approach to trials of malicious prosecution actions and illogical.

This Court agrees that it was error to order the two claims be tried together. "Actions for malicious prosecution have never been favorites of the law. … Any 'policy that discourages citizens from reporting crime or aiding in prosecution would be undesirable and detrimental to society in general.'" *Sanders v. Daniel Int'l Corp., 682 S.W.2d 803, 806 (Mo. banc 1984).* Permitting malicious counterclaims to be joined and tried with the underlying action has the potential to magnify this effect by increasing the

4

risk that a party will be discouraged from bringing valid claims and also risks undue prejudice by allowing the opposing party to bring in evidence irrelevant to the first party's claim. In contrast, requiring that the underlying suit terminate in favor of the opposing party before a malicious prosecution claim can be brought avoids the needless filing of suit by an opposing party who is not successful in the initial action. *See Babb v. Superior Court, 479 P.2d 379, 382-83 (Cal. 1971)* (discussing the purpose of the favorable termination element).

For these reasons, Missouri long has required "strict compliance with the requisite elements" of a malicious prosecution claim, including the requirement that such a claim is not cognizable until the original underlying suit has been prosecuted to a conclusion favorable to the party raising the malicious prosecution claim, because until that time the requirement that there be a termination of the prior suit in the party's favor cannot be satisfied. *See Edwards, 237 S.W.3d at 582-83* (so stating); *Sanders, 682 S.W.2d at 807* (identifying favorable termination as a required element); *Stafford v. Muster, 582 S.W.2d 670, 675 (Mo. banc 1979)* (same).

Here, TriStar contends that the adoption of the current version of Rule 55.06 in 1973 changed this traditional rule and expressly permits the joint trial of a plaintiff's claim with a defendant's malicious prosecution counterclaim. In support, it cites this Court's decision in *Standridge, 181 S.W.3d at 77-78*. Nothing in the language of Rule 55.06 or *Standridge*, however, authorizes such a joint trial.

In *Standridge*, General Motors Acceptance Corporation (GMAC) brought a collection action against a car buyer for whom GMAC had financed the purchase. *181*

*S.W.3d at 77.* The buyer filed a counterclaim for malicious prosecution and sought discovery. *Id.* GMAC dismissed its collection claim with prejudice, but the buyer proceeded with discovery on his counterclaim. *Id.* Rather than responding, GMAC sought a writ of prohibition, arguing that the trial court lacked jurisdiction to try the malicious prosecution counterclaim because it had been filed prior to the termination of the underlying collection action and, therefore, failed to state a claim. *Id.*

This Court disagreed that the trial court was without jurisdiction to try the malicious prosecution counterclaim. The Court looked to the language of Rule 55.06(b), which provides: "Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties." The Court held that the defendant's "claim became cognizable, whereby the substantive rights of the parties were determinable, once GMAC dismissed its claim against [him] with prejudice. The circuit court had jurisdiction to rule on the disputed discovery requests …." *Standridge, 181 S.W.3d at 78.* The Court, therefore, allowed the malicious prosecution counterclaim to proceed. *Id.*

TriStar argues that the reasoning in *Standridge* similarly permits its claims to be jointly tried with the plaintiff's claims. In so arguing, TriStar misreads both *Standridge* and Rule 55.06. While *Standridge* did allow the malicious prosecution claim to proceed, its reasoning does not assist TriStar. Far from approving joint trial of a plaintiff's claim with a malicious prosecution counterclaim, *Standridge* requires *denial* of TriStar's request for a joint trial.

6

In *Standridge*, by the time the writ of prohibition was sought, GMAC had dismissed its collection action with prejudice. *181 S.W.3d at 77.* This meant that when the case came before this Court, the missing prerequisite for bringing a malicious prosecution claim had been satisfied – plaintiff GMAC's collection action already had been terminated in favor of the defendant car buyer. The Court found that no basis for prohibition was presented on these grounds.[2] In other words, *Standridge* premised its approval of the trial court's refusal to dismiss the malicious prosecution counterclaim on the fact that the favorable termination element had been satisfied. *Id. at 78* ("His claim became cognizable, whereby the substantive rights of the parties were determinable, once GMAC dismissed its claim against [the defendant] with prejudice.").

Accordingly, nothing in Rule 55.06 or *Standridge* can be taken to abrogate the longstanding rule that a malicious prosecution claim cannot be *tried* with the plaintiff's underlying claim. *See, e.g., John Deere Co. of St. Louis v. Short, 378 S.W.2d 496, 502 (Mo. 1964)* ("No claim for malicious prosecution for the filing of this action could accrue to [defendant] until this suit terminated in his favor ….."); *Zickel v. Knell, 210 S.W.2d 59, 60 (Mo. 1948)* ("[N]o cause of action for malicious prosecution for the filing of this action by plaintiff then existed, or does now exist, or could ever accrue to defendants until this suit terminated in their favor.").

TriStar nonetheless argues that implicit in *Standridge*'s authorization of the continuation of the malicious prosecution claim was this Court's interpretation of Rule

---

[2] The Court further held, however, that the buyer's discovery requests were overbroad. *Standridge, 181 S.W.3d at 78.*

55.06 to permit at least the *filing* of the malicious prosecution action as a counterclaim even while the plaintiff's claim was still pending. Otherwise, it argues, the *Standridge* Court simply would have dismissed the whole action.

This precise question never was raised in *Standridge*, however, as the issue before it was cast in terms of jurisdiction and was presented to the Court only after the prior claim had terminated in the defendant's favor.[3] But, to the extent that *Standridge* can be read to hold that Rule 55.06 authorizes the provisional filing of a malicious prosecution counterclaim in the initial party's suit, it is incorrect and no longer should be followed.

Any misinterpretation of Rule 55.06 in *Standridge* may have resulted from trying to understand the language of Rule 55.06(b) without considering it in the context of Rule 55.06(a). Those two sections, taken together, are quite clear and do not permit the filing of a malicious prosecution claim as a counterclaim in a party's original action, much less allow a trial of these claims together.

Rule 55.06(a) and (b) state:

> (a) Joinder of Claims. *A party asserting a claim to relief* as an original claim, counterclaim, cross-claim, or third-party claim may join, either as independent or as alternate claims, as many claims, legal or equitable, *as the party has against an opposing party*.

> (b) Joinder of Remedies; Fraudulent Conveyances. Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, *the two claims may be joined in a single action;*

---

[3] This Court held in *J.C.W. ex rel. Webb v. Wyciskalla, 275 S.W.3d 249, 253-54 (Mo. banc 2009)*, that the jurisdiction of the trial courts (i.e., personal and subject matter jurisdiction) is established by the Missouri Constitution, and so it cannot be altered based on changing civil procedure rules. *Webb* governs to the extent that prior cases, including *Standridge*, inconsistently used the term "jurisdiction" to refer to a trial court's authority outside the context of personal or subject matter jurisdiction.

8

*but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties ….*

(Emphasis added).

As is self-evident, Rule 55.06(a) sets out claims that can be joined, while Rule 55.06(b) addresses remedies that can be sought. Rule 55.06(a) by its terms only affirms the right of a particular party to plead alternative, independent, legal and equitable claims at the same time. It says that "a party" may join all the claims of any such type that "the party has against an opposing party." It nowhere says that this authorizes *the opposing party* also to join any contingent claims that the opposing party may think it will be able to bring in the future, such as claims for malicious prosecution. Indeed, Rule 55.06(a) does not so authorize. Nothing in this rule changes the traditional prohibition against joining a malicious prosecution claim with the underlying first party's claim.[4]

Neither does Rule 55.06(b) permit joinder of malicious prosecution counterclaims. It does not expand the types of claims that may be joined beyond those set out in Rule 55.06(a), and it does not state that an opposing party's contingent claims can be joined with the first party's claims. Rather, Rule 55.06(b) clarifies the remedies that may be available to the party bringing multiple claims. Titled "Joinder of Remedies: Fraudulent Conveyances," it says a party can seek all of the remedies to which *that party* may be entitled in one action, even though the right to some remedies, such as those for

---

[4] *See, e.g., Edwards, 237 S.W.3d at 582-83* (naming favorable termination of the underlying action as an essential element of a malicious prosecution claim); *Sanders, 682 S.W.2d at 807* (same); *Stafford, 582 S.W.2d at 675* (same); *Huffstutler v. Coates, 335 S.W.2d 70, 73 (Mo. 1960)* (same); *Higgins v. Knickmeyer-Fleer Realty & Inv. Co., 74 S.W.2d 805, 812 (Mo. 1934)* (same).

9

fraudulent conveyances, may depend on first proving some other claim, such as the party's right to the property conveyed. *Rule 55.06(b)* ("For example, a plaintiff may state a claim for money and a claim to have set aside a conveyance fraudulent as to him, without first having obtained a judgment establishing the claim for money."). Rule 55.06(b) does not overrule prior cases prohibiting the bringing of a malicious prosecution action prior to the termination of the plaintiff's suit. To the contrary, it explicitly says that despite the liberalizing of the joinder rules, "*the court shall grant relief in that action only in accordance with the relative substantive rights of the parties.*" *Rule 55.06(b)* (emphasis added).

This understanding of Rule 55.06 is consistent not only with its language and history but also with the interpretation given to the federal rule on which Rule 55.06 was based − Federal Rule of Civil Procedure 18[5] − which states:

> (a) In General. *A party* asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party.

> (b) Joinder of Contingent Claims. *A party* may join two claims even though one of them is contingent on the disposition of the other; but the court may grant relief only in accordance with the parties' relative substantive rights. In particular, a plaintiff may state a claim for money and a claim to set aside a conveyance that is fraudulent as to that plaintiff, without first obtaining a judgment for the money.[6]

---

[5] *See State ex rel. Farmers Ins. Co., Inc. v. Murphy, 518 S.W.2d 655, 657 (Mo. banc 1975).*

[6] Prior to the 2007 amendments to Federal Rule 18(b), its language was virtually identical to Rule 55.06(b), Missouri's rule having been adopted from the earlier language of the federal rule. *See FED. R. CIV. P. 18(b) (2006) (amended 2007).* The amendment notes indicate that the change from "Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action" to "A party may join two claims even though one of them is contingent on

(Emphasis added).  Federal Rule 18(b) was adopted simply to remove the barrier to a party jointly filing legal and equitable claims in a single action.[7] *Advisory Committee's Notes on 1937 Adoption of FED. R. CIV. P. 18(b)* ("This rule is inserted to make it clear that in a single action a party should be accorded all the relief to which he is entitled regardless of whether it is legal or equitable or both.").

The federal courts consistently have interpreted Federal Rule 18 to exclude malicious prosecution counterclaims brought by an opposing party.  *See, e.g., In re Solv-Ex Corp. Sec. Litig., 198 F. Supp. 2d 587, 597 (S.D.N.Y. 2002), quoting Harris v. Steinem, 571 F.2d 119, 124 (2d Cir. 1978)* ("a claim in the nature of malicious prosecution, which arises out of the bringing of the main action, generally cannot be asserted either as a compulsory or a permissive counterclaim, since such a claim is premature prior to the determination of the main action").[8]

---

the disposition of the other" was intended to be stylistic only and to avoid "any uncertainty whether Rule 18(b)'s meaning is fixed by retrospective inquiry from some particular date." *See Advisory Committee's Notes on 2007 Amendment to FED. R. CIV. P. 18(b).*  That the new language, which clearly contemplates joinder of claims by only a single party, did not substantively alter the rule provides further support for reading the Missouri rule in the same manner.

[7] Allowing joinder of legal and equitable claims in federal courts served to eliminate serious inefficiencies created by this dichotomy.  Prior to the rule's adoption, for example, a mortgage lender was required to sue in law to foreclose on a property and then sue separately in equity to obtain a deficiency judgment for the balance owed.  *See Advisory Committee's Notes on 1937 Adoption of FED. R. CIV. P. 18(b).*  Missouri's rule is explicit as to this purpose, stating that a party may join "as many claims, *legal or equitable,*" as the party has against its opponent. *Rule 55.06(a)* (emphasis added).

[8] *See also Metro Media Entm't, LLC v. Steinruck, 912 F. Supp. 2d 344, 351-52 (D. Md. 2012)* (dismissing malicious use of process counterclaim "[b]ecause the instant case has not terminated, much less terminated in favor of Defendant, such a claim could not be viable here"); *Sec. Serv. Fed. Credit Union v. First Am. Mortg. Funding, LLC, 2009 WL*

The vast majority of state courts that have addressed this issue are in accord and require prior litigation to terminate in favor of defendant before a suit may be filed or tried for malicious prosecution. *See, e.g., King v. Sikora, 368 So. 2d 10, 11 (Ala. 1979)* ("any malicious prosecution claim necessarily would have to be pursued in a separate proceeding and not as a counterclaim in the instant case"); *Anello v. Vinci, 458 A.2d 1117, 1120 (Vt. 1983)* (reversing trial court's judgment for defendant in malicious prosecution counterclaim "to ensure that such actions not be interposed in the original action on which such claims are based"); *see also W. PAGE KEETON ET AL., PROSSER & KEETON, THE LAW OF TORTS § 120, at 892 (5th ed. 1984)* ("The termination requirement operates to preclude a defendant from filing a counterclaim for malicious prosecution; since the main claim has not terminated when the counterclaim is filed, the counterclaim is premature and subject to dismissal …."). [9]

---

*3158161, at \*3 (D. Colo. 2009)* (unreported) (holding that "Defendants' invocation of Rule 18(b) to join their malicious prosecution claim oversteps the rule's intended purpose"); *Kaltman-Glasel v. Dooley, 156 F. Supp. 2d 225, 226 (D. Conn. 2001)* ("a claim for vexatious litigation cannot be maintained 'as a counterclaim in the very suit that the defendant claims is vexatious'") (internal citation omitted); *Merrill Lynch Futures, Inc. v. Miller, 686 F. Supp. 1033, 1044 (S.D.N.Y. 1988)* (stating a malicious prosecution claim "cannot be asserted as a counterclaim in the very action alleged to be malicious"). *But see Schwartz v. Coastal Physician Grp., Inc., 172 F.3d 63, 1999 WL 89037, at \*4 (10th Cir. Feb. 23, 1999)* (unpublished opinion asserting that North Carolina's Rule 18(b) analog permits malicious prosecution counterclaims but citing for that proposition a case permitting joinder of an indemnity claim and a case remanding for consideration of a malicious prosecution counterclaim after a directed verdict was entered in the defendant's favor).

[9] *Accord Canal Ins. Co. v. Cambron, 242 S.E.2d 32, 38 (Ga. 1978); Pepperell Trust Co. v. Mountain Heir Fin. Corp., 708 A.2d 651, 656 (Me. 1998); First Bank (N.A.)-Billings v. Clark, 771 P.2d 84, 90 (Mont. 1989)* ("an action for malicious prosecution may not be asserted by way of a cross complaint or counterclaim in the original proceeding"),

This reasoning applies here.  The trial court abused its discretion in requiring the trial of the TriStar's malicious prosecution action with Mr. O'Basuyi's claims.

## IV.    CONCLUSION

For the foregoing reasons, this Court holds that the trial court erred in permitting the joint trial of TriStar's malicious prosecution counterclaim and Mr. O'Basuyi's claims. Rule 55.06 does not permit either joinder or trial of a malicious prosecution counterclaim with the underlying claim.  The writ of prohibition is made permanent.[10]

_____
**LAURA DENVIR STITH, JUDGE**

All concur.

---

*overruled on other grounds by Jacobsen v. Allstate Ins. Co., 215 P.3d 649, 664 (Mont. 2009)*; *Penwag Prop. Co., Inc., v. Landau, 388 A.2d 1265, 1266 (N.J. 1978)*.

The only two jurisdictions identified by TriStar as permitting a malicious prosecution counterclaim to be filed and tried along with the underlying action are based on entirely distinct statutory or case law and are not on point. *See, e.g., Hanson v. Estell, 997 P.2d 426, 430 (Wash. Ct. App. 2000)* (legislature abrogated the termination element, thereby "permitting a defendant to assert a counterclaim for malicious prosecution"); *see also* WASH. REV. CODE §4.24.350(1) (West 2013); *DeVaney v. Thriftway Mktg. Corp., 953 P.2d 277, 286 (N.M. 1997), overruled on other grounds by Durham v. Guest, 204 P.3d 19, 26 (N.M. 2009)* (eliminating the requirement that the prior suit terminate favorably to defendant by subsuming the tort of malicious prosecution into the more general tort of malicious abuse of process).

[10] The relief sought in the writ petition is a separate trial of the malicious prosecution claim, not its dismissal.  That, therefore, is the extent of relief granted in this writ.