

# Missouri Court of Appeals

## Southern District

### Division Two

STATE ex rel. STACEY PHILLIPS, )
)
      Plaintiff-Relator, )
)
v. )      No. SD33760
)
THE HONORABLE JAMES A )      **Filed:  Sept. 10, 2015**
HACKETT, Judge of the Thirtieth )
Judicial Circuit, State of Missouri, )
)
      Respondent-Respondent. )

## ORIGINAL PROCEEDING IN PROHIBITION

## PRELIMINARY WRIT OF PROHIBITION MADE PERMANENT

Stacey Phillips ("Relator"), the plaintiff in a product liability suit, seeks a writ of

prohibition against the Honorable James A. Hackett ("Respondent") that would prevent

Respondent from enforcing an order that Relator produce certain of her psychological-

treatment records.  Relator claims the records in question are immune from discovery

based on the physician-patient privilege.  *See* section 491.060(5).[1]  We agree with that

claim and now make permanent our preliminary writ of prohibition.

**Applicable Principles of Review and Governing Law**

Rule 56.01(b)(1) provides that "[p]arties may obtain discovery regarding any

matter, *not privileged*, that is relevant to the subject matter involved in the pending

action[.]"  (Emphasis added.)  Medical records are subject to the physician-patient

---

[1] All statutory references are to RSMo 2000.  All rule references are to Missouri Court Rules (2015).

privilege, as codified under section 491.060(5). *Brandt v. Pelican*, 856 S.W.2d 658, 661 (Mo. banc 1993). Any information a physician acquires from a patient while attending the patient and which is necessary to enable the physician to provide treatment is privileged. *State ex rel. Stecher v. Dowd*, 912 S.W.2d 462, 464 (Mo. banc 1995).

A trial court has broad discretion in administering the rules of discovery, and an appellate court should not disturb the trial court's rulings absent an abuse of discretion. *State ex rel. Delmar Gardens N. Operating, LLC v. Gaertner*, 239 S.W.3d 608, 610 (Mo. banc 2007). However, a writ of prohibition is appropriate when a party has been directed to produce material that is privileged. *State ex rel. Boone Ret. Ctr., Inc. v. Hamilton*, 946 S.W.2d 740, 741 (Mo. banc 1997). Writ relief is appropriate because the damage to the party against whom discovery is sought is irreparable; once the privileged material is produced, there is no way to undo the disclosure on appeal. *Id.*

## Background

Relator sued defendants Ford Motor Company ("Ford") and Joe Machens Ford, Inc., after her 1997 Ford Explorer rolled over, allegedly because of design and manufacturing defects. Relator's initial petition sought monetary damages for both physical and psychological injuries.

Based on those claims, Ford propounded to Relator a discovery request ("Request for Production #2") that sought "[a]ny written records or reports of all hospitals, clinics or other institutions, and of all physicians, medical practitioners, psychologists, psychiatrists, or physical therapists who have ever treated or cared for [Relator] for

2

injuries to the parts of her body that she claims were injured in the accident at issue."[2]  In initially responding to this request, Relator attached a disc that purported to contain "all medical records pertaining to [Relator]'s injuries sustained in the rollover."

Ford subsequently sought court-ordered production of Relator's psychological records, which, apparently, were not included on the disc.  After a status hearing, and with Ford's consent, Relator filed an amended petition that removed any allegation of psychological injury.  A few days later, Relator supplemented her response to Request for Production #2 with the following statement:

> [Relator] has filed a First Amended Petition withdrawing her claims for psychological injuries therefore that part of the question is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. [Relator] again respectfully directs [Ford] to [Relator]'s medical records for any and all written records and reports [Relator] is aware of relating to the injuries [Relator] sustained in the rollover.

Around the same time, counsel for Ford sent an email to counsel for Relator that stated, "There really is no confusing [sic] re the Psychological damage issue.  Now that an amended petition has been filed removing that claim, we don't need those records."

Despite that assurance, Ford subsequently filed a second motion to compel production of Relator's psychological records.  As in its first motion, Ford asserted that these records were required to be produced pursuant to its Request for Production #2. According to Ford, Relator's supplemental response contained a single objection—that Relator's psychological injuries are "'irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.'"  Ford argued that this objection should be overruled because "it is highly likely that the subject accident was discussed with

_____

[2] Ford's Request for Production #2 also contained the statement, "In lieu of producing copies of the records or reports, you may sign the attached authorization allowing release of the records and reports directly to the undersigned."  Relator did not execute the attached authorization.

3

[Relator]'s treating psychological doctors" and that any records would be admissible as "party admissions and statements made to a medical provider for the purposes of receiving medical treatment." In opposing Ford's motion, Relator filed a memorandum claiming, *inter alia*, that her psychological records are protected by the physician-patient privilege.

Following a hearing on Ford's second motion to compel, Respondent issued an order overruling Relator's "timely filed objection" to Request for Production #2 and granting Ford's motion to compel "as to that Request."

**Analysis**

*Points I and II – The Applicability of the Physician-Patient Privilege*

Relator raises two points on appeal, both of which are based on the same premise: that Respondent erred in compelling her to disclose privileged psychological records. As noted above, Ford claims it is entitled to these records based solely on Request for Production #2. As a preliminary matter, we must address Ford's contention, raised in defense of Respondent, that Relator did not invoke the physician-patient privilege in response to Request for Production #2, thereby failing to preserve the objection for our review.[3]

First, it is important to note that Relator is seeking a writ of prohibition, not appealing a judgment. Therefore, even if we presume that Relator's objection was untimely, "[w]e are not restricted only to issues that the appellant properly raised or preserved in circuit court." ***State ex rel. Am. Standard Ins. Co. of Wis. v. Clark***, 243

---

[3] Ford cites Rule 58.01(c)(3), which states, "If information is withheld because of an objection, then each reason for the objection shall be stated"; and Rule 61.01(a), which states, "Any failure to act described in this Rule may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has filed timely objections to the discovery request or has applied for a protective order as provided by Rule 56.01(c)."

4

S.W.3d 526, 529 (Mo. App. W.D. 2008). "A writ of prohibition is a discretionary remedy, and we 'may accept limitations on the issues or examine new points not offered ab initio.'" *Id.* (quoting *State ex rel. Carver v. Whipple*, 608 S.W.2d 410, 412 (Mo. banc 1980)).

We also note that Request for Production #2 is not a model of clarity. By its terms it is limited to written records or reports of psychologists or psychiatrists "who have ever treated or cared for [Relator] for *injuries to the parts of her body that she claims were injured in the accident at issue*." (Emphasis added.) If this particular wording ever served to make Relator's psychological records responsive to the request, we seriously question whether it continued to do so once all of Relator's "claims" for psychological injury were withdrawn.

At any rate, Ford concedes that Relator objected to this portion of the question as "'irrelevant *and* not reasonably calculated to lead to the discovery of admissible evidence.'" (Emphasis added.) In addressing this objection, Ford focuses entirely on the relevance of the records in question and exceptions to the hearsay rule. In doing so, Ford overlooks that privileged material is specifically excluded from matter discoverable under Rule 56.01(b)(1), and, like hearsay, is generally not admissible evidence. *See* Section 491.060(5). We acknowledge that Relator's objection as stated may have lacked specificity, *see* Rule 58.01(c)(3), but all parties understood that Relator was arguing privilege (not hearsay) no later than when she filed her memorandum in opposition to Ford's second motion to compel. In this context, Relator's objection is preserved. *Cf. Clark*, 243 S.W.3d at 529 (finding that an objection to discovery requests, alleged to lack specificity under Rule 58.01(c)(3), was preserved where the record revealed that the

5

parties understood the specific basis for the objection at hearings on a motion to compel production).

We turn now to the question of whether the physician-patient privilege, under the circumstances of this case, bars the disclosure of Relator's psychological records. Relator analogizes her case to *State ex rel. Dean v. Cunningham*, 182 S.W.3d 561 (Mo. banc 2006). In that case, our supreme court held that where a party has not alleged psychological injury (beyond "garden variety" emotional distress), the party's psychological records are not relevant to the issue of damages and are not discoverable. *Id.* at 567-68. In defending Respondent, Ford argues that Relator's psychological records are discoverable, in that Ford had a good faith belief that they would "contain information that directly negates [Relator]'s theory of causation-in-fact[,]" and Ford directs our attention to *State ex rel. BNSF Ry. Co. v. Neill*, 356 S.W.3d 169 (Mo. banc 2011).

At issue in *Neill* was whether the trial court erred in not allowing discovery of a plaintiff's psychiatric records on the basis that the records were not relevant to a personal injury claim alleging only physical damages. *Id.* at 171-72. It does not appear from the opinion that any claim was made that the records should not be subject to production because they were privileged. In the absence of such a privilege claim, our supreme court observed that, "The pertinent inquiry is whether the requested material '*appears reasonably calculated to lead to the discovery of admissible evidence*.'" *Id.* at 174 (quoting Rule 56.01(b)(1)) (emphasis added). Under that analysis, the trial court was held to have abused its discretion by focusing solely on damages and failing to consider

6

whether the plaintiff's records were relevant and admissible, as argued by the defendant, as to other issues, e.g., causation. *Id.* at 174-76.[4]

The Court's holding in *Neill* has no applicability here. Ford claims, based upon an alleged good faith belief, that Relator's psychological records may reflect statements by Relator regarding whether she was wearing a seatbelt.[5] Ford is correct that such statements, assuming they exist, would be relevant on the issue of causation. However, unlike *Neill*, the admissibility of such records over an objection they are privileged *is* at issue in this case. When records are privileged, the fact that they may be relevant to an issue does not make them discoverable. *State ex rel. Stinson v. House*, 316 S.W.3d 915, 919 (Mo. banc 2010). To the contrary, "[t]he very nature of an evidentiary privilege is that it removes evidence that is otherwise relevant and discoverable from the scope of discovery." *Id.* (citing Rule 56.01(b)(1)).

The privilege may, of course, be waived by the patient, and the general rule in regard to litigation is that "once the matter of plaintiff's physical condition is in issue

---

[4] In *Neill*, the plaintiff claimed that he had lost consciousness and was injured due to the defendant's failure to provide a reasonably safe workplace. 356 S.W.3d at 174. However, based upon the available evidence, the defendant had reason to believe that the plaintiff's injuries were caused by the use, abuse, and abrupt cessation of medications prescribed by the plaintiff's treating psychiatrist. *Id.* In *Neill*, the Court also reaffirmed its holding in *Dean*, stating:

> Of course, a claim that otherwise undiscoverable records "might" lead to the discovery of admissible evidence would not justify a fishing expedition into those records, nor can it be used as part of an attempt to evade the limitation on discovery of psychiatric records of plaintiffs who do not claim psychological injury. *See Dean*, 182 S.W.3d 561 at 568.

*Id.* at 175.

[5] Ford set forth its causation argument in its brief as follows:

> As previously stated, a major issue in this litigation is whether [Relator] was belted at the time of the subject accident, because [Relator] has alleged that her Explorer was defectively designed in that her seat belt failed to prevent her ejection. [reference to exhibit omitted]. Obviously, if [Relator] was not using her seat belt prior to the accident, that fact would negate [Relator]'s theory of causation-in-fact, *i.e.*, even if the seat belt was designed differently, it would not have prevented [Relator]'s injuries because she wasn't using the seat belt.

7

under the pleadings, plaintiff will be considered to have waived the privilege under [section] 491.060(5) so far as information from doctors or medical and hospital records bearing on that issue is concerned." *State ex rel. McNutt v. Keet*, 432 S.W.2d 597, 601 (Mo. banc 1968).

Ford does not contend that Relator's psychological condition is at issue under the pleadings—whether as to causation, damages, or otherwise. Rather, Ford seeks to discover statements made by Relator, in the context of psychological treatment, which could possibly be relevant to a theory of causation *wholly unrelated* to Relator's psychological condition. In the absence of a claim that Relator's psychological condition was a factor in either causing the accident or contributing to her physical injuries, the privileged material is not discoverable. Rule 56.01(b)(1); *see also Neill*, 356 S.W.3d at 175.

Our preliminary writ of prohibition is made permanent.

DON E. BURRELL, P.J. - OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. - CONCURS

GARY W. LYNCH, J. - CONCURS